BOWMAN v YPSILANTI REGIONAL PSYCHIATRIC HOSPITAL

Docket No. 123906. Submitted February 5, 1991, at Lansing. Decided December 27, 1991, at 9:25 A.M. Leave to appeal sought.

Debra Bowman brought an action in the Washtenaw Circuit Court against the Ypsilanti Regional Psychiatric Hospital, her employer, and others, seeking a declaration that she was entitled under the Mental Health Code to a greater supplement to workers' compensation benefits received for injury in an assault by a patient. The court, Edward D. Deake, J., granted summary disposition for the plaintiff, ruling that her supplemental benefits must be calculated under a formula that assigns a common monetary amount to her average weekly wage, as computed under the Workers' Disability Compensation Act, and weekly net wage, as computed under the Mental Health Code. The defendants appealed.

The Court of Appeals *held:*

The term "weekly net wage," as used in the Mental Health Code provision governing the supplement to workers' compensation benefits for employees of the Department of Mental Health injured in assaults by patients, MCL 330.1113; MSA 14.800(113), is not equivalent to the term "average weekly wage," as defined in the Workers' Disability Compensation Act, MCL 418.371; MSA 17.237(371).

Reversed.

MENTAL HEALTH — EMPLOYEES — INJURIES — ASSAULT — SUPPLEMENTAL BENEFITS.

The term "weekly net wage," as used in the Mental Health Code provision governing the supplement to workers' compensation benefits for employees of the Department of Mental Health injured in assaults by patients, is not equivalent to the term "average weekly wage," as defined in the Workers' Disability Compensation Act (MCL 330.1113, 418.371; MSA 14.800[113], 17.237[371]).

*James A. Tanielian,* for Debra Bowman.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 368-370.

See the Index to Annotations under Workers' Compensation.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Gary L. Finkbeiner,* Assistant Attorney General, for Ypsilanti Regional Psychiatric Hospital, Director of Department of Mental Health, and Department of Management and Budget.

Before: DANHOF, C.J., and HOLBROOK, JR., and SULLIVAN, JJ.

DANHOF, C.J. Defendants appeal as of right an order granting plaintiff summary disposition and ruling that plaintiff is entitled to supplemental wages based on a computation of "weekly net wage" under MCL 330.1113; MSA 14.800(113) that mirrors computation of "average weekly wage" under MCL 418.371; MSA 17.237(371). We reverse.

On May 26, 1987, plaintiff was assaulted by a mental health patient at defendant hospital where plaintiff was employed as a resident-care aide. Defendants voluntarily paid plaintiff workers' compensation benefits pursuant to the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.* Plaintiff's "average weekly wage" was computed to be $492.64 pursuant to § 371 of that act. On the basis of her tax-filing and dependent status, plaintiff actually received $316.24 weekly.

Plaintiff also filed for supplemental benefits under the Mental Health Code, MCL 330.1001 *et seq.*; MSA 14.800(1) *et seq.* Defendant Department of Mental Health calculated plaintiff's "weekly net wage" under § 113 of the Mental Health Code pursuant to defendant Department of Management and Budget's guidelines as $394.63. This amount was reduced by $316.24 (the amount plaintiff received under § 371 of the Workers' Disability Compensation Act), resulting in a weekly supple-

mental benefit of $78.39 paid to plaintiff during the period she was off work.

Plaintiff subsequently filed suit seeking a declaratory judgment, asserting that the "weekly net wage" under § 113 of the Mental Health Code should be the same as "average weekly wage" under § 371 of the Workers' Disability Compensation Act, i.e., $492.64 rather than $394.63, so that she was entitled to $176.40 a week in supplemental benefits ($492.64 minus $316.24).[1]

In this regard, plaintiff argues that benefits under both statutes should be computed under the same formula. This precise issue was addressed in *Pringle v Ypsilanti Regional Psychiatric Hosp,* 185 Mich App 446; 463 NW2d 144 (1990). We approve the reasoning and resolution of the issue as set forth in that opinion:

MCL 330.1113; MSA 14.800(113) uses the term "weekly net wage." The circuit court judges held that this term was equivalent to the term "average weekly wage" as defined in MCL 418.371(2); MSA 17.237(371)(2). We disagree. If the Legislature had intended to use that term, it could have done so, but it did not. MCL 330.1113; MSA 14.800(113) refers to full wages as well as weekly net wage. We believe that this indicates the Legislature's intent to determine an assaulted employee's compensation by his base salary (i.e., excluding overtime). Moreover, we believe that taking FICA and tax deductions normally made in determining an employee's net wage is appropriate given the Legislature's use of the term "weekly net wage." We also believe that this interpretation achieves the legislative purpose of supplementing an assaulted employee's workers' compensation so that he does not suffer financial hardship. In sum, defendants

[1] The primary difference in the computations of weekly net wage (§ 113 of the Mental Health Code) and average weekly wage (§ 371 of the Workers' Disability Compensation Act) is that the latter encompasses overtime worked, while the former does not.

> properly determined the respective plaintiffs' weekly net wage. [185 Mich App 456.]

Here, too, plaintiff's supplemental benefits were properly calculated on the basis of plaintiff's "average weekly wage." Accordingly, we reverse. We do not retain jurisdiction.